## Case No. 15,810.

### UNITED STATES v. MORIN.

[4 Biss. 93.] [1]

District Court, D. Indiana.  June, 1866.

INTERNAL REVENUE — RETAIL DEALER IN CIGARS —PENALTY—HOW RECOVERABLE.

1. No action of debt will lie on the 73d section of the internal revenue law of June 30, 1864 [13 Stat. 223]. The prosecution must be by indictment.

2. When a statute renders an offense punishable by imprisonment, or fine, or both, the district attorney cannot waive the imprisonment, and sue in debt for the fine.

3. Quære, whether debt will lie on a penal statute which does not fix the amount of the penalty.

[Action by the United States against Catharine Morin for a penalty.]

John Hanna, U. S. Dist. Atty.
Fabius M. Finch, for defendant.

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

McDONALD, District Judge. This is an action of debt to recover a penalty of five hundred dollars against the defendant, for carrying on the business of a retail dealer in cigars without a license. A demurrer has been filed to the declaration; and whether the demurrer ought to be sustained, is the point to be decided. The only question raised in support of the demurrer is this: Does an action of debt lie, under the United States revenue laws, for a failure to take out a license in a case in which by those laws a license is required?

This action is founded on the 73d section of the act of June 30, 1864 (13 Stat. 223). That section is as follows: "That if any person or persons shall exercise or carry on any trade, business, or profession, or do any act hereinafter mentioned, for the exercising, carrying on, or doing of which trade, business, or profession, a license is required by this act, without taking out such license as in that behalf required, he, she, or they shall, for every such offense, besides being liable for the payment of the tax, be subject to imprisonment for a term not exceeding two years, or a fine not exceeding five hundred dollars, or both, one moiety of such fine to the use of the United States, the other moiety to the use of the person who shall first give information of the fact whereby said forfeiture was incurred."

I do not understand the district attorney as insisting that on the words of this section alone, an action of debt would lie for an omission to take out a license. But he argues that, considered in connection with the 41st and 179th sections of the act, such action is authorized.

The 41st section provides that "all fines, penalties, and forfeitures, which may be imposed or incurred by virtue of this act, shall be sued for and recovered in the name of the United States in any proper form of action, or by any appropriate form of proceeding, qui tam, or otherwise."

And the 179th section declares that "all fines, penalties, and forfeitures, which may be incurred or imposed by virtue of this act, shall and may be sued for and recovered, where not otherwise herein provided, in the name of the United States, in any proper form of action, or by any appropriate form of proceeding."

The provisions of these two sections seem to be substantially the same. None of the sections referred to designate, in terms, the form of prosecution to be pursued. But both the 41st and 179th sections indicate two distinct modes of proceeding, namely, "by any action," or "by an appropriate form of proceeding." The word "action" probably here refers to those civil actions known to the common law by the names of debt, assumpsit, &c. The "appropriate form of proceeding" mentioned in these sections may include, not only civil actions at common law, but also indictments and criminal prosecutions. For the phrase is certainly more comprehensive,

than the term "action." Considering the whole scope of these two sections, I think they simply mean that whosoever violates the internal revenue law, and thereby incurs a liability to any punishment, the mode of prosecuting which is not distinctly named in the law, shall be proceeded against in such manner as by the common law is the appropriate remedy.

Now, the prescribed punishment in the present case is "imprisonment for a term not exceeding two years, or a fine not exceeding five hundred dollars, or both." The appropriate proceeding in such a case does not appear to me to be the common law action of debt. In this view, I think I am sustained by the following considerations:

1. An action of debt is not the "appropriate proceeding" to enforce the prescribed punishment of imprisonment. Imprisonment is as much the prescribed punishment for the offense in question as a fine is. And if it be said that debt might lie for the fine, it may be answered, that debt will not lie for the imprisonment.

The district attorney, however, insists that he has the right, on the part of the government, to waive the imprisonment, and to proceed for the fine only. But I think he has not that right. I think it is for the court alone to determine whether the delinquent should be imprisoned only, or fined only, or both fined and imprisoned. No one could well determine what sort of punishment ought to be inflicted, till the evidence is heard on the trial. Besides, such a determination involves the exercise of judicial authority; and I am not aware that judicial power is vested in the district attorney.

2. In my opinion, the action of debt is not the "appropriate" remedy for enforcing a "fine," even if the district attorney might waive the imprisonment. The word "fine," as employed in the 73rd section of the internal revenue act, ex vi termini implies a criminal prosecution. This term, I admit, is used in some parts of that act in a vague sense, as meaning, perhaps, a forfeiture, or penalty, or punishment. But, in the 73rd section, on which this action is founded, it is employed in connection with the term "imprisonment;" and when used in that connection, it always supposes a criminal prosecution. Here the rule, "Noscitur a sociis" applies. The common punishment for all misdemeanors is fine and imprisonment; and nobody ever thought of bringing an action of debt in such a case to recover the fine. Moreover, the proper process at common law to collect a fine is a capias pro fine, and not a fieri facias, which is the proper process on a judgment in debt.

3. I much question whether, if in this case a civil action would lie, that action would be debt. I do not, indeed, think that any form of civil action will lie in this case. It seems to me that the only appropriate proceeding is by indictment. Perhaps a criminal information might, according to the English practice, be adopted. But, at any rate, I think the action of debt is inappropriate.

It is true that, at common law, debt is a very comprehensive remedy. It lies on judgments, recognizances, bonds, simple contracts, and penal statutes. But it lies only for a certain sum of money. Within this rule it is, indeed, a maxim that "Certum est, quod certum reddi potest." But in no case will debt lie where the sum claimed can not conveniently and readily be reduced to legal certainty. When a statute creates a penalty in a fixed sum—as in offenses under the stamp law—no doubt debt may be maintained for that sum. Thus, says Chitty, it lies on a statute "whenever the demand is for a sum certain, or is capable of being readily reduced to a certainty." 1 Chit. Pl. 108.

But how is it in the case at bar? The district attorney in his declaration asks "that the said defendant render unto the plaintiff the just and full sum of five hundred dollars lawful money of the United States, which the said defendant owes to and unjustly detains from the plaintiff," because the defendant had been retailing cigars without a license, contrary to the internal revenue act. Now, is that the truth? Even if the defendant has thus violated the law, does she owe to the United States five hundred dollars for the violation? What court can say, a priori, that she does? Is there as yet, even allowing the fact that she has violated the law, any certainty that she owes the United States anything on that account? Even if found guilty, the court might make the punishment imprisonment alone. Is this, then, suing for "a sum certain"? The statute fixes no certain sum. It only says that the offender may be subject to "a fine not exceeding five hundred dollars." It may be one dollar, or one hundred dollars, as well as five hundred. And the district attorney might as well have claimed in his declaration five dollars or fifty dollars to be "the sum certain," as five hundred dollars. In fine, he might just as well have fixed on any sum under five hundred dollars as on that sum, so far as making a good declaration in debt is concerned.

It is clear that the fine contemplated by the 73rd section of the internal revenue act must be wholly uncertain in amount. It is in this respect more uncertain than ordinary claims for unliquidated damages, which every lawyer knows cannot be the subjects of actions of debt. For in all actions of assumpsit, trespass, and case, if the charge is sustained by sufficient evidence, it is certain that some amount must be recovered; but, in proper proceedings in a case like the present, though every material fact were proved or confessed, the sum to be assessed against the defendant would not only be as uncertain as in an action of assumpsit, trespass, or on the case, but, up to the moment of the decision, it would remain uncertain whether any amount at all would be assessed; for the court might punish the offense by imprisonment alone.

I know that there is some authority for holding that debt will lie on a penal statute which does not fix the amount of the penalty. My opinion is that, upon the principles of the common law, it will not. But be that as it may, I think it is very clear that no action of debt can be maintained on the 73rd section of the internal revenue act of June 30, 1864. The demurrer is sustained, and the suit dismissed.

Consult U. S. v. Ebner [Case No. 15,020].